IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Almadelia Sanchez, | ) | FILED: OCTOBER 9, 2008 |
| | ) | 08CV5791 |
| Plaintiff, | ) | JUDGE ANDERSEN |
| | ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) No. | BR |
| | ) | |
| Allied Interstate, Inc., a Minnesota corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Almadelia Sanchez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Almadelia Sanchez ("Sanchez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to AT&T/Cingular Wireless.

4. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Sanchez.

## FACTUAL ALLEGATIONS

5. On March 12, 2008, Ms. Sanchez and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Sanchez, N.D. Ill. Bankr. No. 08-05861. Among the debts listed on Schedule F of Ms. Sanchez's bankruptcy petition was a debt she allegedly owed to AT&T/Cingular Wireless. See, excerpt of bankruptcy petition attached as Exhibit A.

6. On March 15, 2008, AT&T/Cingular Wireless was sent notice of Ms. Sanchez's bankruptcy by the court, via First Class U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit B.

7. Nonetheless, Defendant Allied sent Ms. Sanchez a collection letter, dated April 8, 2008, which demanded that she pay Allied the AT&T/Cingular Wireless debt and threatened to make a negative credit report on her credit history if she did not pay the debt. A copy of this letter is attached as Exhibit C.

8. All of Defendant Allied's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692e Of The FDCPA --
False Statements: Demanding Payment Of A Debt That Is Not Owed,
And Threatening To Make A Negative Credit Report**

10.     Section 1692e of the FDCPA prohibits a debt collector from making any false statement in connection with the collection of a debt, including.  Specifically, debt collectors may not falsely state the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Additionally, debt collectors may not threaten to take any action that they cannot legally take, see 15 U.S.C. § 1692e(5).  Lastly, debt collectors may not threaten to communicate credit information which they should know is false, see 15 U.S.C. § 1692e(8).

11.     Defendant Allied's statements in its collection letter (Exhibit C), that Ms. Sanchez owed the debt at issue and demanding payment of it, when in fact, this debt could no longer be collected from Ms. Sanchez due to her bankruptcy, were false statements that violates § 1692e of the FDCPA.  Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

12.     Moreover, Defendant Allied threats in its collection letter (Exhibit C), that it would make a negative credit report on Ms. Sanchez's credit history was also a false statement that violates § 1692e of the FDCPA.  First, Defendant could not legally make a negative credit report.  Second, Defendant Allied should have known that the negative credit information that it was threatening to report was false because Ms. Sanchez' credit history clearly showed that she had filed for bankruptcy.

13.     Defendant's violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Almadelia Sanchez, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Sanchez, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Almadelia Sanchez, demands trial by jury.

                                                                              Almadelia Sanchez,

                                                                              By: /s/ David J. Philipps
                                                                              One of Plaintiff's Attorneys

Dated: October 9, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com